Filed 11/23/20 P. v. Robles CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B299662 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA036804) |
| v. | |
| JUAN ANTONIO ROBLES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge. Affirmed.

Linda L. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Juan Antonio Robles appeals from an order denying his *Romero*[1] motion to strike allegations of the prior serious and violent felony convictions underpinning his sentence of 25 years to life. We affirm.

**FACTUAL AND PROCEDURAL SUMMARY**

In July 1997, a police officer initiated a traffic stop in response to a report that someone in the car displayed a gun at an apartment complex. Robles was in the front passenger seat of the car. Before the automobile stopped, Robles threw a loaded .25 caliber semiautomatic handgun out of the passenger-side window. Police officers recovered the gun and, after searching him, found two small packets of methamphetamine in Robles's pants pocket. Robles acknowledged that the handgun belonged to him, that he possessed it at the apartment complex, and that he had thrown it out the automobile window when he saw the officer approaching.

In January 1998, a jury convicted Robles of one count of being a felon in possession of a firearm (Pen. Code,[2] former § 12021, subd. (a)(1)) and one count of possession of methamphetamine (Health & Saf. Code, former § 11377, subd. (a)). The jury also found true allegations that Robles had been previously convicted of two robberies and one attempted robbery that qualified as strikes under the "Three Strikes" law. (§§ 667, subds. (b)–(i), 1170.12.) The court rejected his *Romero* motion to strike two or more of the prior convictions and sentenced him under the Three Strikes law on each count

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

[2] Subsequent statutory references are to the Penal Code.

to a term of 25 years to life, with the sentences to be served concurrently. In affirming the judgment, we concluded that the court did not abuse its discretion in denying Robles's *Romero* motion; indeed, the court "did what it was required to do." (*People v. Robles* (Oct. 29, 1999, B124402) [nonpub. opn.] at p. 17.)

In February 2013, Robles filed a petition to recall his sentence under Proposition 36, the Three Strikes Reform Act of 2012. (§ 1170.126.) The court denied the petition on the ground that Robles was ineligible for resentencing because he was armed with a firearm during the commission of the offense. (§§ 667, subd. (e)(2)(C)(iii), 1170.126, subd. (e)(2).) We affirmed that decision in an unpublished opinion. (*People v. Robles* (Nov. 1, 2018, B288482).)[3]

On July 6, 2015, Robles filed a petition under Proposition 47, the Safe Neighborhoods and Schools Act, to recall the sentence of his conviction for possession of methamphetamine.[4] (§ 1170.18.) The People opposed the petition on the ground that Robles was "not suitable" for resentencing because he " 'pose[d] an unreasonable risk of danger to public safety.' " Robles countered that resentencing him on the drug possession count would not make him an

---

[3] We have granted Robles's request to take judicial notice of our 2018 opinion.

[4] Proposition 47, enacted by voters in 2014, reduced the punishment for certain drug offenses from felonies and wobblers to misdemeanors and allowed inmates serving felony sentences for such offenses to petition under section 1170.18 to be resentenced based on the reclassification. (*People v. Valencia* (2017) 3 Cal.5th 347, 351.)

unreasonable risk of danger to public safety because he would still be in prison on the gun possession count until the parole board determines he is suitable for release on parole.

On May 13, 2019, while his Proposition 47 petition was pending, Robles filed a *Romero* motion, requesting that the court "dismiss at least one of [his] prior convictions alleged under the Three Strikes law in the furtherance of justice pursuant to Penal Code section 1385." The People opposed the request on the grounds that granting the motion is not in the interest of justice and Robles does not fall outside the spirit of the Three Strikes law.

On April 22, 2019, during a "Proposition 47 readiness hearing," the court asked Robles's counsel if she "wanted to litigate the *Romero* issue first." (Italics added.) Counsel said she did, and the court responded, "Okay. That will be June 5th."

During the hearing on June 5, the court first addressed Robles's Proposition 47 petition, stating, "I can't say on the record before me that [Robles] would be unsuitable as to count two" for possession of methamphetamine. The court then stated that it "would be inclined to deny the *Romero* [motion] . . . and resentence [Robles] as to count two. And that's where we are." (Boldface omitted and italics added.) There was no further discussion of the *Romero* motion. After further colloquy among the court and counsel, the court asked counsel, "Did you want to put it over for the same date, July 25?" Robles's counsel responded, "Yes." The court then stated, "Okay, that will be continued for Prop[osition] 47 resentencing as to count two, okay. That's what we'll do." After some discussion concerning the admission of evidence regarding the Proposition 47 petition,

4

the court concluded by stating that "it would be resentencing July 25th as to count two only."

The court's minute order regarding the June 5 hearing states that the *Romero* motion "is denied" and that the matter is continued to July 25, 2019 "for Proposition 47 resentencing on count 2."

During the hearing on July 25, 2019, the court stated that it had granted Robles's Proposition 47 motion and that the "court's indicated" ruling is to sentence Robles on the drug possession count to 364 days in jail and credit him with the same number of days. After the court asked if counsel "[w]ish[ed] to be heard," the following colloquy took place between Robles's counsel and the court:

"[Counsel]: Yes, Your Honor. Defense filed a *Romero* motion on May 13th.

"The Court: I denied that.

"[Counsel]: It was an indicated ruling. We would just, at this time, renew it, ask you to grant the *Romero* motion and strike the strike priors as to count 1.

"The Court: The *Romero* motion is denied for the reasons expressed on the last occasion." (Italics added.)

Robles appealed from the July 25, 2019 order denying his renewed *Romero* motion.

## DISCUSSION

### A. *Standard of Review*

Under *Romero,* "a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, 'in furtherance of justice' pursuant to . . . section 1385[, subdivision] (a)." (*People v. Williams* (1998) 17 Cal.4th 148, 158.) In ruling on a *Romero* motion, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes law's] spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id.* at p. 161.)

If the court grants a *Romero* motion, it must state the reasons for doing so on the record. (§ 1385, subd. (a); *Romero*, *supra*, 13 Cal.4th at p. 531.) The court is not, however, required to state its reasons when it denies a *Romero* motion. (*In re Large* (2007) 41 Cal.4th 538, 550.)

We review a court's denial of a *Romero* motion "under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) We indulge a " 'strong presumption' [citation] that the trial judge properly exercised his [or her] discretion in refusing to strike a prior conviction allegation" (*In re Large, supra*, 41 Cal.4th at p. 551), and the appellant has the burden of rebutting that presumption and demonstrating an abuse of discretion. (*Ibid.*; *People v. Carmony*, *supra*, 33 Cal.4th at pp. 377–378.)

6

### B. *The Court's Denial of Robles's* Romero *Motion*

Robles contends that the court did not rule on his *Romero* motion at the June 5, 2019 hearing, but rather continued the matter to July 25; and during the July 25 hearing, the court mistakenly believed it had previously denied the motion on June 5. As a result, Robles contends, the court never actually exercised its discretion with respect to the motion.

Robles points to the court's statement at the June 5 hearing that it "would be inclined to deny the *Romero*" motion, which indicates that the court had not made a final ruling. (Italics added.) A more complete review of the record, however, supports the trial court's subsequent determination that it had denied the motion at the June 5 hearing. At the April 22, 2019 hearing, the court, with defense counsel's acceptance, set June 5, 2019 for the date "to litigate the *Romero* issue first" (italics added); i.e., before deciding the Proposition 47 issue. The court's statement near the outset of the June 5 hearing as to how it was "inclined" to rule on the *Romero* motion appears to indicate the court's tentative ruling on the issue. Counsel, however, did not request to be heard on the point and so, as the court's minute order regarding the hearing states, the court ultimately "denied" the Romero motion. This view is further supported by the court's statement on June 5 that the proceedings "will be continued for Prop[osition] 47 resentencing as to count two [possession of methamphetamine]" and the concluding comment that "it would be resentencing July 25th as to count two only"; the court did not mention any continuance for purposes of the *Romero* motion. Although the record of the court's ruling could have been clearer, when the transcripts of the oral proceedings on April 22, June 5, and July 25, 2019, are

7

viewed together with the June 5 minute order, the record establishes that the court denied Robles's *Romero* motion on June 5 and denied Robles's renewed motion on July 25.

Robles also relies on the court's statement during the July 25, 2019 hearing that it was denying the "renew[ed]" *Romero* motion "for the reasons expressed on the last occasion." As Robles points out, the court did not state any reasons for denying the *Romero* motion during the earlier hearing.[5] Although Robles is correct that the court was mistaken in stating that it had previously expressed it reasons for denying the *Romero* motion, the mistake does not negate the court's unambiguous statements in its June 5 minute order and in court during the July 25 hearing that it had previously denied the motion, or its statement on July 25 that it was denying Robles's "renew[ed]" motion.

### C.   *Robles Has Not Established that the Court Abused Its Discretion*

Robles also challenges the denial of his *Romero* motion on the merits.  He points to the following facts supporting his motion.  First, the facts of the commitment crimes, he asserts, "are far from heinous."  Robles, a felon, possessed a gun and, when police pulled over the car in which he was a passenger, he threw the gun out of a window.  He did not discharge the firearm, Robles points out, and "there was no victim."  The methamphetamine he possessed was contained in "two small packets."

---

[5] As stated above, the court is not required to state its reasons for denying the motion.  (*In re Large, supra,* 41 Cal.4th at p. 550.)

Second, the prior strikes—two armed robberies and an attempted robbery—took place during a single incident 28 years ago when he was 17 years old. These robberies, he argues, may have been the result of "acting out of his grief over the unanticipated death of his brother-in-law two days before the crimes were committed."

Third, Robles states that, while incarcerated, he "participated in self-help programming, including Alcoholics/ Narcotics Anonymous, Criminals and Gang Members Anonymous, and the Anti-Recidivism Coalition." He has also "pursued an education earning his GED in prison," took "advanced courses" through a community college, "completed a program in small business management," completed vocational training, and received positive reviews for his work.

Lastly, Robles is 40 years old and has maintained close ties with his family in Mexico and the United States.

In opposition to the *Romero* motion, the People submitted evidence of the following. In addition to the commitment offenses of possessing a gun and methamphetamine, the strike offenses of robbery and attempted robbery, and other crimes he committed as a juvenile, Robles had been convicted as an adult of grand theft of a vehicle, felony evading of police, resisting arrest, driving under the influence, and infliction of corporal injury on a spouse or cohabitant. He twice violated probation. While serving his Three Strikes sentence, Robles committed numerous violations of Department of Corrections and Rehabilitation (DCR) rules, including possession of alcohol in 1999, battery upon an inmate in March 2001, constructive possession of a slashing weapon in July 2001, and attempted murder of an inmate in February 2001. The attempted murder,

9

which Robles committed with an accomplice, involved stabbing the victim at least 35 times.  In 2002, 2003, and 2008, DCR determined that Robles was at those times an associate of the Mexican Mafia prison gang and at one time "held a position of [l]eadership" in the gang.  In 2014, DCR determined that he was an "inactive" Mexican Mafia associate.[6]

On this record, we cannot conclude that the court abused its discretion in denying Robles's *Romero* motion.  Robles had numerous offenses and probation violations prior to being sentenced under the Three Strikes law.  The increased penalty for recidivism apparently had little impact on Robles's behavior, at least initially.  After being incarcerated, Robles continued to engage in violent criminal conduct toward others, including attempted murder, and remained active in the Mexican Mafia prison gang for at least 10 years.  Although the last of the serious DCR rule violations occurred 19 years ago and his recent educational and vocational efforts are commendable, his behavioral improvement can reasonably be viewed as a positive consequence of his Three Strikes sentence, not a reason to undo it.

---

[6] The People asserted in the trial court that in 2013 Robles participated in hunger strikes and work stoppages organized by inmates at the Pelican Bay State Prison Security Housing Unit, or SHU.  In connection with these actions, Robles allegedly violated DCR rules by willfully delaying a peace officer in the performance of his duties on two occasions.  The assertions, however, are not supported by evidence.

## DISPOSITION

The trial court's July 25, 2019 order denying appellant's *Romero* motion is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.